UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

GREGORY A. TAYLOR,

 Plaintiff,

v.               CAUSE NO. 3:19-CV-1153-DRL-MGG

ARAMARK FOOD SERVICE *et al.*,

 Defendants.

## OPINION AND ORDER

Gregory A. Taylor, a prisoner without a lawyer, filed a complaint. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Still, under 28 U.S.C. § 1915A, the court must review the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief. To state a 42 U.S.C. § 1983 claim, a plaintiff must allege "(1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006).

In the complaint, Mr. Taylor alleges that, at the Miami Correctional Facility, he was placed on suicide observation in June 2019. On two days during his time on suicide observation, he received only two slices of bread, a tablespoon of scrambled eggs, two pieces of bologna, and one slice of cheese. As a result, he suffered hunger pains and difficulty sleeping, and he engaged in self-harm by cutting himself. For his claims, he seeks money damages and injunctive relief.

Mr. Taylor asserts an Eighth Amendment claim of deliberate indifference against Supervisor Ellis, who is responsible for providing adequate meals to inmates at the Miami Correctional Facility and supervises cafeteria employees. In evaluating an Eighth Amendment conditions of confinement

claim, the court conducts both an objective and a subjective inquiry. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The objective prong asks whether the alleged deprivation is "sufficiently serious" so that "a prison official's act results in the denial of the minimal civilized measure of life's necessities." *Id.* Inmates are entitled to be provided with adequate food, clothing, shelter, bedding, hygiene materials, and sanitation. *Knight v. Wiseman*, 590 F.3d 458, 463 (7th Cir. 2009); *Gillis v. Litscher*, 468 F.3d 488, 493 (7th Cir. 2006). However, "the Constitution does not mandate comfortable prisons," *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981), and inmates cannot expect the "amenities, conveniences, and services of a good hotel." *Harris v. Fleming*, 839 F.2d 1232, 1235 (7th Cir. 1988). Additionally, for constitutional claims under 42 U.S.C. § 1983, "liability depends on each defendant's knowledge and actions, not on the knowledge or actions of persons they supervise." *Burks v. Raemisch*, 555 F.3d 592, 594 (7th Cir. 2009). While Mr. Taylor may be able to state a valid claim under the Eighth Amendment, he does not explain how Supervisor Ellis was personally involved. Consequently, he may not proceed on this complaint against Supervisor Ellis.

Mr. Taylor also names Aramark Food Service as a defendant. Corporate entities "cannot be held liable under § 1983 on a *respondeat superior* theory." *Calhoun v. Ramsey*, 408 F.3d 375, 379 (7th Cir. 2005). Rather corporate liability exists only "when execution of a [corporation's] policy or custom . . . inflicts the injury." *Id.* A corporation can be held liable for "an express policy that, when enforced, causes a constitutional deprivation." *Id.* Absent an unconstitutional policy, corporate liability may be established with a showing of "a widespread practice that, although not authorized by written law or express [corporate] policy, is so permanent and well settled as to constitute a custom or usage with the force of law." *McTigue v. City of Chicago*, 60 F.3d 381, 382 (7th Cir. 1995). The policy or custom must be the "moving force behind the deprivation of his constitutional rights." *Johnson v. Cook Cty.*, 526 F. App'x 692, 695 (7th Cir. 2013). In the complaint, Mr. Taylor does not describe a policy or practice that resulted in him receiving an inadequate food portions, nor do the allegations suggest that

the inadequate food portions were more than an isolated incident. Therefore, Mr. Taylor cannot proceed on this complaint against Aramark Food Service.

Though Mr. Taylor may not proceed on this complaint, the court will give Mr. Taylor the opportunity to file an amended complaint. *See Luevano v. Wal-Mart*, 722 F.3d 1014 (7th Cir. 2013). If he chooses to file an amended complaint, he should use the court's approved form and must put the case number of this case on it, which is on the first page of this order. However, Mr. Taylor should file an amended complaint only if, after reviewing this order, he believes that he has a meritorious federal claim.

For these reasons, the court:

(1) GRANTS Gregory A. Taylor until February 28, 2020 to file an amended complaint; and

(2) CAUTIONS Gregory A. Taylor that, if he does not respond by that deadline, this case will be dismissed pursuant to 28 U.S.C. § 1915A for failure to state a claim.

SO ORDERED.

February 3, 2020  *s/ Damon R. Leichty*
Judge, United States District Court